914 A.2d 834

IN THE MATTER OF MARIA INES GONZALEZ, AN ATTORNEY
AT LAW (ATTORNEY NO. 003751987).

January 25, 2007.

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 06–184, concluding that **MARIA INES GONZA-LEZ** of **JAMAICA, NEW YORK**, who was admitted to the bar of this State in 1987, should be suspended from the practice of law for a period of six months for violating *RPC* 1.5 and *Rule* 1:21–6(c)(1)(a) (failure to safeguard funds by impermissibly allowing the use of a signature stamp on trust account checks), *RPC* 5.3(a) (failure to properly supervise non-lawyer assistants), *RPC* 5.4(a) (sharing legal fees with a non-lawyer), former *RPC* 5.5(b) (now *RPC* 5.5(a)(2)) (assisting non-lawyer in the unauthorized practice of law), and *RPC* 8.4(a) (assisting another to violate the RPCs);

And the Disciplinary Review Board having further concluded that on reinstatement to the practice of law, respondent should be required to practice under supervision;

And the Court having determined from its review of the record that the appropriate quantum of discipline for respondent's unethical conduct is a three-month suspension from practice;

And good cause appearing;

It is ORDERED that **MARIA INES GONZALEZ** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective February 24, 2007; and it is further

ORDERED that on reinstatement to practice, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year and until the further Order of the Court;

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.