[841 NYS2d 796]

In the Matter of MARIA INES GONZALEZ, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 25, 2007

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of New Jersey dated January 23, 2007 (*In re Gonzalez*, 189 NJ 203, 914 A2d 834 [2007]), the respondent was suspended from the practice of law for a period of three months, effective February 24, 2007. The Supreme Court of the State of New Jersey further ordered that on reinstatement, the respondent was to practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year and until further order of that court.

The Grievance Committee for the Second and Eleventh Judicial Districts (hereinafter the Grievance Committee) served the respondent with a notice pursuant to 22 NYCRR 691.3 informing her of her right to, within 20 days, file a verified statement setting forth any of the defenses to the imposition of reciprocal discipline as enumerated in 22 NYCRR 691.3 (c). The Grievance Committee also apprised the respondent of her right to demand a hearing at which consideration would be given to any defense enumerated.

Although duly served by the Grievance Committee on April 4, 2007, the respondent neither asserted any of the enumerated defenses nor demanded a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline at this juncture.

The order of the Supreme Court of the State of New Jersey was based upon a decision of the Disciplinary Review Board (hereinafter the DRB), dated December 5, 2006, concluding that the respondent violated New Jersey Rules of Professional Conduct (RPC) rule 1.15 (d) and New Jersey Rules of Court rule 1:21-6 (c) (1) (A) (failure to safeguard funds by impermissibly allowing the use of a signature stamp on trust account checks), RPC 5.3 (a) (failure to properly supervise nonlawyer assistants), RPC 5.4 (a) (sharing legal fees with a nonlawyer), former RPC 5.5 (b) (now RPC 5.5 [a] [2] [assisting a nonlawyer in the unauthorized practice of law]), and RPC 8.4 (a) (assisting another to violate the RPC).

The respondent was admitted to the bar in the State of New Jersey in 1987. She had no history of prior discipline in New Jersey.

This matter came before the DRB on a recommendation for discipline filed by the District VA Ethics Committee (hereinafter the DEC). The respondent was represented by counsel and

on the date of the DEC hearing, a stipulation of facts was placed on the record. The parties also stipulated that the respondent violated RPC 1.15 (d), RPC 5.3 (a), RPC 5.4 (a), RPC 5.5 (b), and, in connection with personal injury matters, RPC 8.4 (a).

Subsequently, by order of the Supreme Court of the State of New Jersey dated May 25, 2007 (*In re Gonzalez*, 191 NJ 88, 922 A2d 709 [2007]), the respondent was restored to the practice of law in New Jersey and directed to practice under the supervision of an attorney approved by the Office of Attorney Ethics for a period of one year and until the further order of that court.

Based on the findings of the Supreme Court of the State of New Jersey, reciprocal discipline is imposed on the respondent pursuant to the Grievance Committee's notice pursuant to 22 NYCRR 691.3, and she is publicly censured.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and LIFSON, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Maria Ines Gonzalez, is publicly censured for her professional misconduct.